1  Phil S. Flemming (#014778)
   YEN PILCH ROBAINA & KRESIN PLC
2  6017 North 15th Street
   Phoenix, Arizona 85014
3  Telephone: (602) 682-6450
   Facsimile: (602) 682-6455
4  psf@yprklaw.com

5  Attorneys for Plaintiff

6              IN THE UNITED STATES DISTRICT COURT

7                      DISTRICT OF ARIZONA

8  Adrian S. Vildusea, an individual,
                                          No.
9              Plaintiff

10 v.
                                          **COMPLAINT**
11
   O'Reilly Auto Enterprises, LLC d/b/a
12 O'Reilly Auto Parts, a Delaware limited   **Jury Trial Demanded**
   liability company,
13
               Defendant.
14

15

16         Plaintiff, Adrian S. Vildusea ("Plaintiff"), by undersigned counsel, for his

17 Complaint against Defendant O'Reilly Auto Enterprises, LLC d/b/a O'Reilly Auto Parts

18 ("Defendant"), alleges as follows:

19                          **NATURE OF ACTION**

20         1.     Plaintiff seeks remedies for violations of the Age Discrimination in

21 Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.,* arising out of Defendant's refusal

22 to rehire Plaintiff.

23                **PARTIES, JURISDICTION AND VENUE**

24         2.     Plaintiff is a United States citizen residing in Pima County, Arizona.

25         3.     Defendant O'Reilly Auto Enterprises, LLC d/b/a O'Reilly Auto Parts is a

26 Delaware limited liability company, conducting business in Arizona.

27         4.     At all relevant times, Defendant caused events to occur in Arizona out of

28 which the claims being asserted herein arose.

5.    At all relevant times, the Defendant was an employer within the meaning of the ADEA, 29 U.S.C. § 630(b).

6.    At all relevant times, Defendant employed more than 500 employees.

7.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically, the ADEA, 29 U.S.C. §§ 621, *et seq*.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in this District.

9.    Plaintiff timely filed his charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue from the EEOC on February 28, 2023.

10.    This action is timely commenced within ninety-days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

**FACTUAL BACKGROUND**

11.    Plaintiff incorporates all prior allegations as though fully set forth herein.

12.    Plaintiff is over the age of forty and has been at all times relevant to this action.

13.    Plaintiff worked for Defendant, beginning in May 2018, and he worked part-time initially as a parts sales counter person in Tucson, Arizona.

14.    Plaintiff worked different assignments and different shifts, agreeing to work extra hours when asked.

15.    Defendant ultimately promoted Plaintiff to retail sales specialist.

16.    During spring and summer of 2020, Plaintiff underwent healthcare, treatment, and surgery.

17.    Plaintiff communicated with his immediate supervisor, Store Manager Diana Beltran, while he was on sick leave, to inform her of his medical needs and recuperation period.

18.    Plaintiff informed Ms. Beltran, in July 2020 he decided to voluntarily resign

for personal health reasons, because he was uncertain about his recovery and the return to work.

19.    After Plaintiff further recuperated and put his health concerns behind him, he decided to seek re-employment.

20.    During September to January 2021, Plaintiff reviewed the open jobs on the Defendant's website and submitted several online applications for Tucson area jobs where he met the qualifications.

21.    Knowing his prior work experience and qualifications, Plaintiff knew he met the requirements for the vacant positions and expected to be rehired.

22.    Plaintiff received no response to the applications he submitted to Defendant's site.

23.    Plaintiff reviewed the Defendant's online job postings and saw that positions he had applied for remained open.

24.    Plaintiff knew the Store Manager JT Strickland for one of the posted vacant jobs and called him to ask about his application for the job.

25.    Mr. Strickland said he was interested in rehiring Plaintiff and it seemed management was "playing favorites."

26.    Plaintiff called another Store Manager, John Garcia, who was manager for another job for which plaintiff had applied.

27.    Mr. Garcia told Plaintiff he did not recall why he was not rehired.

28.    Plaintiff called a third Store Manager he knew who had one of the posted job openings, Austin Sloan, on January 8, 2021.

29.    When Plaintiff asked about his application for the position, Mr. Sloan answered that he had heard Plaintiff wanted to be rehired and said he was interested in rehiring Plaintiff for the open job.

30.    Plaintiff called Defendant's District Manager Joe Coffey on January 8, 2021 to ask why he was not getting called on the job applications he had submitted.

31.    Mr. Coffey told Plaintiff that he was not eligible based on the company's

1   point system used to hire job applicants.

2       32.    Plaintiff said he had never heard of a point system used by Defendant and

3   Mr. Coffey said it was used for hiring and he suggested that Plaintiff ask Human Resources

4   if he had further questions.

5       33.    Plaintiff contacted Caleb Brown in Defendant's Human Resources office and

6   requested his records.

7       34.    Mr. Brown replied by email and forwarded the request for information to the

8   "Talent Team," which never responded to Plaintiff.

9       35.    On January 22, 2021, Plaintiff spoke with Mr. Sloan, the Store Manager, who

10  had expressed interest in rehiring Plaintiff, about the posted job.

11      36.    Mr. Sloan said he had spoken with District Manager Mr. Coffey who

12  indicated Plaintiff was too old for the job.

13      37.    Plaintiff was experienced and qualified for the jobs he applied for.

14      38.    Defendant kept job positions posted as vacant that were among those Plaintiff

15  had submitted applications.

16      39.    Defendant hired substantially younger and less experienced applicants for

17  some of the job positions for which Plaintiff had applied.

18      40.    Defendant discriminated against Plaintiff because of his age.

19      41.    Defendant has given conflicting reasons for its failure to rehire and even to

20  interview Plaintiff.

21      42.    Plaintiff has suffered and will continue to suffer damages as the direct result

22  of Defendant's age discrimination.

23      43.    Plaintiff has suffered damages, including lost income, benefits, and garden-

24  variety emotional distress, to be valued by the jury.

25      44.    Plaintiff has incurred and will incur attorneys' fees and costs in connection

26  with this action, which he seeks recovery upon prevailing in this action.

27  ///

28  ///

**LEGAL CLAIMS**

**<u>Claim One</u>**

**Violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*.**

45.    Plaintiff incorporates all prior allegations as though fully set forth herein.

46.    The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 makes it unlawful for an employer to:

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

47.    At relevant times, Plaintiff was more than 40 years of age, in his early 60s.

48.    Defendant is an employer covered by the ADEA.

49.    Plaintiff is protected by the coverage of the ADEA.

50.    Based upon the facts alleged above, Defendant discriminated against Plaintiff because of his age.

51.    Defendant is liable for violations of the ADEA.

52.    Plaintiff seeks equitable relief including back pay, front pay, and lost employee benefits, plus interest.

53.    Plaintiff seeks equitable remedies of Court ordered training and job postings.

54.    As a result of Defendant's violations, Plaintiff seeks remedies for garden-variety anxiety and distress.

55.    Plaintiff seeks remedies to be made whole, in amounts to be proven at trial.

56.    Plaintiff also seeks recovery of attorneys' fees and costs incurred in this action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Mr. Vildusea requests judgment in his favor and against Defendant on each claim, and award as follows:

A.    for compensatory damages;

B.    for back pay and lost benefits;

5

C.    for equitable relief, including front pay;

D.    for equitable relief of reinstatement and anti-discrimination training and postings on the job;

E.    for attorneys' fees and costs;

F.    for interest on any judgment from the date of entry of judgment until paid in full; and

G.    for any other damages or remedies the Court deems just and reasonable.

**REQUEST FOR JURY TRIAL**

Plaintiff Mr. Vildusea demands a jury trial on all matters set forth herein that may be submitted to a jury.

DATED this 16th day of May 2023.

YEN PILCH ROBAINA & KRESIN PLC


By /s/ Phil S. Flemming
Phil S. Flemming
Attorneys for Plaintiff